IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 98-20932
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARIA ALCANTAR, also known as
Joe Diamond, also known as Diamond Joe,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CR-288-2
- - - - - - - - - -

May 25, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Maria Alcantar requests a certificate of appealability (COA) to appeal the district court's dismissal of his motion to vacate an illegal sentence under 28 U.S.C. § 2255. The motion that Alcantar filed in the district court was entitled a "preliminary" § 2255 motion, which does not exist, and the court properly construed the motion as a motion to vacate. Within his motion, however, Alcantar requested leave to amend his pleadings before the Government was required to respond if discovery was

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied. Under FED. R. CIV. P. 15(a), a party may amend a pleading once as a matter of course before a responsive pleading is served. After the district court's ruling, Alcantar filed a motion to alter or amend judgment under FED. R. CIV. P. 59(e) in which he noted that he had expressed the desire to amend in his original motion. The district court's denial of the Rule 59(e) motion is reviewed for abuse of discretion. Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993).

Given the brief amount of time between the filing of Alcantar's motion and the district court's order, the fact that Alcantar requested the opportunity to amend his pleading, and the fact that, under the Antiterrorism and Effective Death Penalty Act (AEDPA), it is likely that Alcantar will not get another opportunity to raise his claims, it was an abuse of discretion to deny the original § 2255 motion and to deny Alcantar's Rule 59(e) motion without allowing him the opportunity to amend. IT IS ORDERED that Alcantar's request for a COA is GRANTED and the case is VACATED and REMANDED for further proceedings, including the opportunity for Alcantar to amend his § 2255 motion.

COA GRANTED; JUDGMENT VACATED; CASE REMANDED.